UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IGOR ALEKSANDROVICH ADAMOVICH,

Plaintiff,

v.

EMISH MARKET,

Defendant.

CASE NO. C26-5987 BHS

ORDER

THIS MATTER is before the Court following Magistrate Judge David Christel's Order granting pro se plaintiff Igor Adamovich's application to proceed *in forma pauperis*, based on his indigency, leaving to this Court evaluation of whether Adamovich's complaint asserts a plausible claim and should be served. Dkt. 3 (citing 28 U.S.C. § 1915(e)(2)(B)). Defendant Emish Market has appeared and moved to dismiss for failure to state a plausible claim and for failure to exhaust administrative remedies. Dkt. 10.

The Court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without

merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

Adamovich alleges he "came in to fill an open kitchen position" at Emish Market, and "they said I'm not welcome because I'm from Moldova." Dkt. 4 at 4. He contends the discrimination continues, and that it is based on his race, color, gender, religion, national origin and age. *Id*. at 5.

He asserts similar claims against the Fife Police Department in a separate case arising from the same incident. *See Adamovich v Fife Police Department*, No. 26-5994 BHS.

Emish Market's motion to dismiss argues that Adamovich has failed to plead any facts supporting a plausible claim that it or any person discriminated against Adamovich on any of the bases he alleges. It also persuasively contends that Adamovich cannot amend his complaint to cure the admitted fact that Adamovich has not obtained a "right to sue letter" from the EEOC, because his complaint was filed just two days after he filed a charge with the EEOC. It argues that Adamovich must exhaust his administrative remedies before asserting Title VII and ADA claims in federal court. Dkt. 10 at 5 (citing *Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1104 (9th Cir. 2018); and 42 U.S.C. § 2000e-5(f)(1)).

Adamovich did not respond to Emish Market's motion. The Court may deem a party's failure to respond to a motion to dismiss an admission that the motion has merit:

> (2) *Obligation of Opponent*. Each party opposing the motion shall, within the time prescribed in LCR 7(d), file with the clerk, and serve on each party that has appeared in the action, a brief in opposition to the motion, together with any supporting material of the type described in subsection (1). Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.

Local Rule 7(b)(2).

Emish Market's motion does have merit, and Adamovich's failure to respond in any fashion to it is an admission of the same. He has not exhausted his administrative remedies, and he has failed to plead facts that would permit the Court to draw the

reasonable inference that Emish Market is liable for the misconduct alleged. Adamovich has pled no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." This is insufficient to state a plausible claim. *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

For the reasons outlined in Emish Market's motion and because Adamovich has failed to state a plausible claim, Adamovich's *in forma pauperis* status is **REVOKED**, and Emish Market's motion to dismiss is **GRANTED**. Adamovich's claims against it are **DISMISSED** without prejudice and without leave to amend.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

Dated this 23rd day of October, 2026.

BENJAMIN H. SETTLE
United States District Judge